MOISTURE ELIMINATORS, Inc., v. SAENGER–EHRLICH ENTERPRISES, Inc.

No. 650.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 21, 1937.

E. W. & P. N. Browne, of Shreveport, La., for complainants.

Rosen, Kammer, Wolff & Farrer, of New Orleans, La., Parker, Procknow & Farmer and Max D. Farmer, all of Buffalo, N. Y., and Gibbons Burke, of New Orleans, La., for respondents.

DAWKINS, District Judge.

Plaintiff brought this suit, alleging infringement of letters patent No. 1,748,863, covering "moisture eliminating ventilators," and seeking an injunction and accounting for profits.

Defendant filed a motion for a bill of particulars demanding that the plaintiff specify: (1) The claim or claims upon which it would rely as having been infringed; (2) "the part or parts of the installa-

tion" in the defendant's theatre it would be contended was an infringement of the patent, demanding sketches or drawings thereof; and further "(3) specify the extent to which plaintiff or its agents or employees has placed the alleged invention of the patent in suit on the market, or introduced the same to the public, as recited in paragraph 8 of the Bill of Complaint; (4) state when and where the first commercial installation of a device, made in accordance with the alleged invention of said patent here in suit, was first made by plaintiff or the patentee Burke, as broadly recited in paragraph 8 of the Bill of Complaint."

By "consent of counsel" the bill of particulars was allowed, and in response thereto, among other things, the plaintiff answered that it would rely upon claim 4 of the patent, indicated by the use of quotation marks, naming the part or parts it was contended had been infringed by the installation in defendant's theatre, and annexed a sketch or drawings thereof. With respect to paragraphs 3 and 4 of the motion above quoted, it was stated:

"III. In answer to paragraph three of said motion, respondent says that it has placed its invention on the market, and has introduced same to the public in Shreveport, Louisiana, and vicinity, by placing the moisture eliminating and ventilating system in various buildings. That the said system was placed in the White House Cafe on Market Street, in Shreveport, Louisiana, the June-Ann Apartments, on College Street, the M. C. Spence residence on Thora Boulevard, the Glenwood and Star Theatres, in Shreveport, Louisiana, and the Southland Theatre in Bossier City, Louisiana.

"IV. For answer to paragraph four of said motion, respondent says that the first commercial installation which was made of said system and device was in the White House Cafe on August 8th, 1926, the said installation having been made by H. B. Burke, patentee under said patent."

Thereafter, the bill of complaint was answered in detail by denying substantially all of the plaintiff's allegations as to infringement, alleging invalidity and pleading the prior art, as disclosed by some 22 specifically-named patents and three publications, as well as others that might be later ascertained; and that "every material and substantial part thereof" had been used and known prior to the alleged invention by some thirteen firms, persons, businesses, and schools. Further, that said patent was invalid for uncertainty of description which prevented any one skilled in the art to use or practice it; that it was wrongfully and surreptitiously obtained; that the patentee, Horace B. Burke, "was not the original, sole and first inventor"; that Burke, his agents, licensees, and assigns had publicly used, practiced, and sold said alleged invention in "all material and essential parts" more than two years prior to the date of filing the application; that all the claims of said alleged patent were so restricted and limited in the progress of the application through the Patent Office, which was acquiesced in by Burke, that they are now and should be lawfully confined "to the specific construction, arrangement and description of parts and steps illustrated in the drawings, * * *" which defendant never has used or practiced, "and defendant is not now entitled to a broader interpretation of any of the claims"; that for more than two years prior to the filing of the application for the patent in suit, Carrier Air Conditioning Company and its predecessor, Buffalo Forge Company, who manufactured the air-washer and humidifier installed in defendant's theatre, had made and sold the same structure, as illustrated in their catalogues, and under their own patents issued to Carrier, No. 808,897, and No. 1,402,147 to Day; and that this suit was brought knowingly, without any foundation in fact or law, "solely for the purpose of intimidating and frightening the defendant into discontinuing the ventilating system," to its great damage and injury.

Defendant further pleaded that the plaintiff had brought a similar suit in 1931 against Capitol Amusement Company, Inc., from whom defendant purchased the theatre in question, which suit, after it had been pending for some time, was dismissed, thus leading the said Capitol Amusement Company, Inc. to believe "that there was no legal or adequate basis for infringement," and that plaintiff had "abandoned its claim * * for the use of said equipment; that after the lapse of sometime," acting upon said belief of abandonment, the said Capitol Amusement Company, Inc., leased the same theatre to the present defendant, with the implied warranty that it would have the "unrestrained use of the building and its equipment," and that "this defendant, acting upon such warranty, and without knowledge or notice of plaintiff's claims as to alleged infringement * * *" continued the use

thereof; and for which reason plaintiff is now estopped "from asserting any right or claim to an injunction or accounting for the continued use of such equipment."

With the issues thus made up, the present case was tried at length on its merits.

■■ At the threshold, defendant calls attention to the answers of plaintiff to the motion for a bill of particulars, and contends that by its own admission the entire patent was invalid from its inception, because the construction or moisture-eliminating machine was installed and went into commercial use more than two years before the patent was applied for; that the application for a patent was filed May 3, 1929, and plaintiff admits that "the first commercial installation which was made of said system and device, was in the White House Cafe on August 8, 1926, the said installation having been made by H. B. Burke, patentee under said patent."

Section 4886 of the U. S. Revised Statutes, as amended, title 35, § 31, U.S.C.A., provides: "Section 31. Inventions patentable. Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof, not known or used by others in this country, before his invention or discovery thereof, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law, and other due proceeding had, obtain a patent therefor. (R.S. § 4886; Mar. 3, 1897, c. 391, § 1, 29 Stat. 692.)"

Section 4920, 35 U.S.C.A. § 69, also provides:

"In any action for infringement the defendant may plead the general issue, and, having given notice in writing to the plaintiff or his attorney thirty days before, may prove on trial any one or more of the following special matters: * * *

"Fifth. That it had been in public use or on sale in this country for more than two years before his application for a patent, or had been abandoned to the public."

If, as stated in the answer to the bill of particulars, the installation on August 8, 1926, at the White House Café was "commercial," that is, a public use, in a public business of that type of the system covered by the patent, then Burke had lost the right to a patent under the statute before his application was filed on May 31, 1929. See Pennock v. Dialogue, 2 Pet. 1, 7 L.Ed. 327, and cases cited thereunder in Rose's Notes, Vol. 2, p. 663 et seq.; Chapman v. Beede, 54 App.D.C. 209, 296 F. 956. Plaintiff made no attempt to explain this solemn judicial allegation of the answer to the bill of particulars, which, of course, is the highest type of proof against the interest of a litigant; but on cross-examination by counsel for the defendant, Burke, the inventor, asserted that the installation in the White House Café was "experimental." He also stated, with respect to other installations, that they had been made "about two years" before he received his patent, "eight or ten years ago," etc. There also was no attempt to amend in any manner the statement in the answer to the bill of particulars, which, when made and filed, became a part of the pleadings. Although the matter of the effect of this admission is urged in the answer of the defendant and argued in brief, nothing is said about it in the brief of plaintiff; the case having been submitted on brief without oral argument.

In this state of the record, the uncertain and indefinite character of the evidence as to this prior use for more than two years before the application was filed, the court feels compelled to accept the judicial assertion at its face value, and in doing so concludes that the patent was invalid. I think the burden was upon the plaintiff to prove that neither it nor Burke had permitted a public use within the time provided by the statute. While this is sufficient to dispose of the case, the court feels impelled to say also that it is of the view that, as contended by the defendant, plaintiff has not made a prima facie case of infringement of the elements of the patent which are relied on in the brief. The suit should be dismissed.

Proper decree should be presented.